George H. Vinette, J.
This is an action brought under article 3-A of the Lien Law against the owner of real property seeking to declare the proceeds of two building mortgages as a trust fund to be used to pay the plaintiff and others similarly situated the balance of money owed them by a defaulting general contractor. The owner borrowed more than his contract price with the general contractor called for to construct the apartment buildings. The plaintiff seeks payment from such funds in excess of the face amount of the contract.
The defendant owner entered into a contract in- the amount of $300,300 to have apartment buildings constructed by the general contractor. The contractor defaulted and the owner took over the completion of the project. Plaintiff, a subcontractor, brings this action and the defendant owner defends, claiming among *939 other things, that the full $300,300 has been paid the general contractor or is being held back as an offset to complete the balance of the work pursuant to the contract.
Article 3-A of the Lien Law in its present form has been in effect since September 1, 1959. The plaintiff moves before this court for summary judgment and the defendant cross-moves for the same relief. All relevant documents and the examination before trial of the president of the defendant corporation are included in the moving papers. Counsel for both parties have set forth their positions at great length and with great persuasiveness on a question they state has not been litigated and decided in our State.
The building industry is plagued with instances where a general contractor does not complete a construction project. Many a small subcontractor, laborer and materialman has worked long and hard but finds himself not fully paid on default of general contractor. A mechanic’s lien has proven useless many times because the owner has fully paid the contractor. The Mechanic’s Lien Law is derivative in nature making the contractor’s rights against the owner as the measure of the subcontractor’s rights. Section 70 of the Lien Law provides however in part:
“ 1. The funds described in this section received by an owner for or in connection with an improvement of real property in this state * * * and any right of action for any such funds due or earned or to become due or earned, shall constitute assets of a trust for the purposes provided in section seventy-one of this chapter.
“ For the purposes of this section: (a) any right to receive payment at a future time shall be deemed a right of action therefor and an asset of the trust even though it is contingent upon performance or upon some other event, but the fact that the right is a trust asset does not enlarge the right or excuse any performance or condition upon which it depends. * * *
11 3. Every such trust shall commence at the time when any asset thereof comes into existence, whether or not there shall be at that time any beneficiary of the trust. The trust of which the owner is trustee shall continue with respect to every asset of the trust until every trust claim arising at any time during the improvement has been paid or discharged, or until all such assets have been applied for the purposes of the trust. * * *
“ 5. The assets of the trust of which the owner is trustee are the funds received by him and his rights of action for payment thereof.
“ (a) under a building loan contract;
“ (b) under a building loan mortgage;
*940 “ (c) Under a mortgage recorded subsequent to the commencement of the improvement and before expiration of four months after completion of improvement ’ ’.
The statute fixes the trust of the funds in the hands of the contractor generally at the contract price receipts. The statute similarly fixes the trust of the subcontractor’s funds in the same manner. When establishing the owner’s trust, the statute makes him the trustee of the loan proceeds until ‘ ‘ all such assets have been applied for the purposes of the trust.”
The Law Revision Commission Report of 1959 (pp. 209, 214) says: “ The trust concept was intended precisely to forbid that an owner, contractor or subcontractor act merely as entrepreneur and was intended to require that he act, instead, as fiduciary manager of the fixed amount provided for the operation.” The question of what is meant by ‘ ‘ fixed amounts ’ ’ is covered in the next sentence of the report: “ In the case of an owner, these are the funds provided by financing based on the contemplated improvement. ’ ’ Clearly it is not the contract price we have to deal with but the financing proceeds “ based on the contemplated improvement.” The moneys obtained by the defendant herein or to which he is entitled are based on a building mortgage which is certainly based on the contemplated improvement. The mortgage referred to was in reality two mortgages given one and one-half months apart and consolidated. They total $385,000 and will be considered together because any differences between them would still leave them as assets as defined in section 70 of the Lien Law.
The legislative policy of the State in enacting article 3-A of the Lien Law was clearly pointed out by Fuld, J. in Aquilino v. United States of America (10 N Y 2d 271, 278-279). “ The policy proclaimed by our statute is to protect those whose skill, labor and materials made possible the performance of a construction contract and who in fact, creating the improvement, actually gave rise to the owner’s obligation to pay. ”
We must construe a statute liberally in order to accomplish and give effect to the declared legislative intent. There appears to be little doubt that the funds upon which a trust is placed in the hands of the owner are the proceeds of the financing. This is a sum which is intended for improvements. The owner may spend more or he may spend less; the more his personal obligation, the less his profit when “ Upon termination of the trust by payment or discharge of all trust claims, the beneficial interest in any remaining asset shall vest in the owner ” (Lien Law, § 70, subd. 3).
*941 In examining subdivision 1 of section 71 of the Lien Law we find that the assets under section 70 (subd. 5, pars. [a]-[f]) held by the owner “ shall be held and applied for payment of the cost of improvement. ’ ’ What the trust claims are, are defined in section 71 (subd. 3, par. [a]).
We conclude that the plaintiff has properly brought his action to declare as a trust under article 3-A the proceeds of the defendant’s $385,000 loan from the Watertown Savings Bank or the right of action thereto.
The court finds that the affirmative defenses raise no triable issues of fact. Most of the defenses stem from the position taken by the defendant that the lien under article 3-A is derivative in nature. This is true of an ordinary mechanic’s lien but not of the trust established under article 3-A. The result is that the contractual relationship between the owner and contractor is not definitive of the rights of the plaintiff herein. The contractor is not a necessary party to this action as the plaintiff has also a cause of action against the contractor. The plaintiff is not limited to bringing one type of action in bringing this action under article 3-A of the Lien Law. It has available to it and may bring other actions, pursuant to section 79 of the Lien Law.
The question of the amounts of the bills and liens and their prorating are questions to be determined after judgment upon the presentation of claims and an accounting of the trust funds.
The plantiff’s motion for summary judgment is granted and the cross motion of the defendant is denied. The sum of $385,000 received by the defendant Sylvan Grlen Co., Inc., being the proceeds of building loan agreements entered into with the Water-town Savings Bank or being the proceeds of such loan for which defendant has a right of action for payment, is declared to be a trust fund under the provisions of article 3-A of the Lien Law. The defendant is directed to notify all subcontractors, architects, engineers, surveyors, laborers, and materialmen who have participated in the improvement of the real property involved in this action by at least 10 days ’ notice in writing of a time and place to present and prove their claims. The said hearing is to be within 30 days of the entry of an order herein. The trustee, defendant herein, is directed to file an accounting with the Clerk of this court of the trust funds within 15 days after the claims are presented and notice of the filing thereof, together with a copy of the accounting, shall be sent to all of the beneficiaries of the trust. The notice of filing shall set forth a time for the approval of the accounting before this court, not less than 10 nor more than 20 days, after the said filing. The plaintiff herein or the defendant trustee may apply to this court for any interim orders *942 required for the implementation of this decision on notice to the other parties. The court will welcome suggestions from counsel as to the amount of the bond to be provided by defendant upon the submission of an order herein to be submitted on notice.