■ AMERICAN AIR FILTER COMPANY, Respondent, v NASSAU COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Defendants; UNITED ARTISTS THEATRE CIRCUIT, INC., Appellant, and GOMBERT BROS., INC., et al., Respondents. (And Another Action.) — In two actions to foreclose mechanic's and public improvement liens, and to enforce a trust under article 3-A of the Lien Law, defendant United Artists Theatre Circuit, Inc., appeals from an order of the Supreme Court, Nassau County (Burke, J.), entered October 16, 1981, which denied its motion to dismiss plaintiff's complaints, or in the alternative, to stay all proceedings in the actions pending determination of a bankruptcy proceeding pending in the United States Bankruptcy Court for the District of New Jersey. Order modified, by deleting that portion denying that branch of defendant United Artists' motion which sought a stay. As so modified, order affirmed, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith. On or about March 23, 1981, the defendant general contractor, B. J. Builders of New Jersey, Inc., commenced a proceeding under chapter 11 of the Bankruptcy Code (US Code, tit 11, § 1101 *et seq.,* "Reorganization") by the filing of a petition with the United States Bankruptcy Court for the District of New Jersey. The case was subsequently converted to one under chapter 7 (US Code, tit 11, § 701 *et seq.,* "Liquidation"). The filing of the petition operated as an automatic stay of certain proceedings against the debtor (see US Code, tit 11, § 362). The Bankruptcy Court denied plaintiff's motion for relief from the statutory stay and to permit service of a summons and complaint upon B. J. Builders. Thereafter, plaintiff, which is a subcontractor of the subcontractor ARA Mechanical Corp. and a creditor in the bankruptcy proceeding, commenced the instant actions seeking, *inter alia,* "for itself and others", to enforce filed liens for unpaid materials and labor against certain funds, said to be sums held for the improvement of real property, which funds were allegedly in the hands of or due to United Artists, B. J. Builders and the unserved defendant ARA Mechanical. United Artists' motion to remove the State actions was denied by the Bankruptcy Court on procedural grounds. At Special Term, United Artists moved to dismiss the complaints, or in the alternative, to stay disclosure and further proceedings in the State actions pending the outcome of the related matter pending before the Bankruptcy Court. In support, counsel averred, *inter alia,* that the interim trustee had indicated that an action would "probably soon be commenced against [United Artists] to determine what sums * * * [were] owed to the estate in the bankruptcy proceeding", and in which action a determination would be made as to the rights of all creditors, including the defendants in the State actions. Counsel for plaintiff affirmed that the trustee "ha[d] brought no action regarding the matters which [we]re involved in" the State actions and argued that there was no support for movant's contention that pretrial disclosure should be stayed. Special Term denied United Artists' motion in its entirety. Based upon the present posture of this case, we agree that Special Term properly permitted the complaints to stand (cf. *Onondaga Commercial Dry*

*Wall Corp. v Sylvan Glen Co.,* 46 Misc 2d 938, revd 26 AD2d 130, affd 21 NY2d 739). However, we are of the opinion that in the interest of judicial economy, and in order to facilitate a more expeditious disposition of the State actions, a hearing is required to determine the present status of the related bankruptcy proceeding and whether a stay of these actions would be proper at this time. We would note that the record furnished this court on appeal is inadequate, in that except for the sworn statements of counsel, it is bereft of any verified documentation detailing the extent, nature, character and status of the related bankruptcy proceeding, such as copies of the bankruptcy petition or any orders of the Bankruptcy Court relating thereto. However, we believe that a hearing is appropriate at this time in view of the allegations in United Artists' motion papers and in its reply brief on appeal to the effect that the trustee in bankruptcy is in the process of liquidating the assets of B. J. Builders and that he will soon commence an action to resolve the interests of the various parties. Special Term should take and examine evidence on the status of the bankruptcy proceeding and the existence of any action which the trustee may have commenced to determine the rights and liabilities of the parties. More specifically, in the interest of avoiding the duplication of discovery and related proceedings, Special Term should adduce whether the Bankruptcy Court is in the process of making, or has made, a finding on the issue of whether United Artists has paid the full contract price to B. J. Builders, the general contractor, or has expended at least that amount to complete the project (see *Onondaga Commercial Dry Wall Corp. v Sylvan Glen Co., supra*). Once equipped with the afore-mentioned information, Special Term may more knowledgeably determine whether, in light of the present status and relevant findings in the bankruptcy proceeding, the imposition of a stay of discovery and related proceedings would be proper at this time. Damiani, J. P., Mangano, Gibbons and Boyers, JJ., concur.